UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALID KHAN,

        Plaintiff,                      Civil Action No. 16-12285
                                                            Honorable Gerald E. Rosen
                                                            Magistrate Judge David R. Grand
v.

CITY OF DETROIT, JOHN DOE,
AND JOHN DOE,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT CITY OF
DETROIT'S RENEWED MOTION TO DISMISS IN LIEU OF AN ANSWER [5]**

**I.    RECOMMENDATION**

On June 21, 2016, Khalid Khan commenced this civil rights action against the City of Detroit (the "City") and two of its police officers, John Does 1 and 2 (the "Officers"), asserting claims under 42 U.S.C. § 1983 for false arrest (Count I), municipal liability (Count II), and excessive force (Count III), and a claim for civil conspiracy under 42 U.S.C. § 1985 (Count IV) (the "Conspiracy Claim"). The City moved to dismiss Khan's complaint, and he responded by filing, as a matter of right, *see* Fed. R. Civ. P. 15(a)(1)(B), an amended complaint. (Docs. #3, #4). The City then filed the instant Renewed Motion to Dismiss in Lieu of an Answer, which seeks dismissal only of Khan's Conspiracy Claim (the "Motion to Dismiss"). (Doc. #5). Khan filed a response, and the City filed a reply. (Docs. #7, #8). The Honorable Gerald E. Rosen then referred the City's Motion to Dismiss to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #11). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the

parties' briefs and on the record, and therefore dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f). For the following reasons, the Court RECOMMENDS that the City's Motion to Dismiss (Doc. #5) be GRANTED.

## II. REPORT

### A. Background

Khan's amended complaint (Doc. #4) contains only the following factual allegations germane to his Conspiracy Claim and the City's Motion to Dismiss:

> 10. On Sunday, May 4, 2014 at approximately 4:00 p.m., Mr. Khan was walking from his parked vehicle to the R & R Saloon located at 7330 Michigan Avenue, Detroit, MI 48210.
>
> 11. As Mr. Khan was pulling the door open to enter the establishment, Defendants, without any warning, charged toward Mr. Khan and physically tackled Mr. Khan to the ground.
>
> 12. Defendants tackled Mr. Khan with such force that they broke the glass door to the saloon.
>
> 13. Defendants physically assaulted Mr. Khan for no legal reason.
>
> 14. There was no legal basis for Defendants to use such unnecessary, excessive, and brutal force to apprehend Mr. Khan.
>
> 15. Defendants dragged Mr. Khan into the street, handcuffed him, and then searched him and his vehicle for no legal reason and without probable cause. Nothing illegal was found in his vehicle or on his person.
>
> 16. Although Plaintiff was under arrest in handcuffs on the side of the road for approximately two hours, Mr. Khan was never charged with any crime.
>
> 17. At all times relevant, the Defendants were acting under the color of law.
>
> \* \* \*
>
> 31. Defendants John Doe Police Officers and Defendant the City of Detroit, acting in concert with each other, conspired to deny Mr. Khan's civil rights, specifically, his right to equal protection of the law.

> 32. Mr. Khan belongs to a protected class because he is of Middle Eastern descent.
>
> 33. On or about January 5, 2015 and March 5, 2015, [Khan's counsel] submitted 5 U.S.C. § 552 Freedom of Information Act (FOIA) requests for the names of the individual police officers involved in the events alleged herein as well as the police report concerning the incident. On both occasions, Defendant City of Detroit responded by stating that the Detroit Police Department does not possess any such record.
>
> 34. Defendants John Doe Police Officers and Defendant the City of Detroit, acting in concert with each other, conspired to conceal and/or destroy any and all record(s) whatsoever that could identify the individual officers involved in the malicious, unlawful acts complained of herein.
>
> 35. As a direct and proximate result of the unlawful and malicious conspiracy of the Defendants, Mr. Khan has suffered compensatory and punitive damages, which are all appropriately awarded under 42 U.S.C. § 1985.

The City argues that Khan's Conspiracy Claim should be dismissed because he failed to allege "the existence of some manner of racial or other class based invidious discriminatory animus underlying the conspirators' actions." (Doc. #5-1 at 6). For the reasons stated below, the Court agrees.

### B. Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

3

expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C. Analysis**

The parties generally agree on the elements of a conspiracy claim under 42 U.S.C. § 1985. As Khan writes, a plaintiff asserting such a claim must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to either person or property or a deprivation of any right or privilege of a United States citizen.

(Doc. #7 at 9) (quoting *Volunteer Medical Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 223 (6th Cir. 1991)). The element in question is the second one, which the City paraphrases as

requiring Khan to plead and show that the Defendants' conspiracy was motivated by "racial or other class based invidious discriminatory animus…" (Doc. #5-1 at 6). Relying on the principles that a conspiracy may exist even in the absence of "a formal agreement," and that one "may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan," Khan alleges that Paragraphs 30-34 of his amended complaint suffice. (Doc. #7 at 9) (quoting *United States v. Toney*, 527 F.2d 716, 720 (6th Cir. 1975) and *United States v. Bavers*, 787 F.2d 1022, 1026 (6th Cir. 1985)). Those paragraphs allege as follows:

> 30. [Khan] incorporates by reference all prior paragraphs of this Complaint as if fully stated therein.
>
> 31. Defendants John Doe Police Officers and Defendant the City of Detroit, acting in concert with each other, conspired to deny Mr. Khan's civil rights, specifically, his right to equal protection of the law.
>
> 32. Mr. Khan belongs to a protected class because he is of Middle Eastern descent.
>
> 33. On or about January 5, 2015 and March 5, 2015, [Khan's counsel] submitted 5 U.S.C. § 552 Freedom of Information Act (FOIA) requests for the names of the individual police officers involved in the events alleged herein as well as the police report concerning the incident. On both occasions, Defendant City of Detroit responded by stating that the Detroit Police Department does not possess any such record.
>
> 34. Defendants John Doe Police Officers and Defendant the City of Detroit, acting in concert with each other, conspired to conceal and/or destroy any and all record(s) whatsoever that could identify the individual officers involved in the malicious, unlawful acts complained of herein.

Khan asserts that "Taken together, these paragraphs amount to a basic allegation that the City and the individual officers concealed or destroyed police records with the aim of hiding the fact that the officers arrested Khan without probable cause, and used excessive force against him, *solely on account of his ethnicity*." (Doc. #7 at 10) (emphasis added). *See also id.* at 11 (asserting that Khan's allegations show that Defendants "conspired to violate his right to equal

5

protection *because of his Middle-Eastern descent*.") (emphasis added). The Court disagrees because Khan alleged no facts from which such a connection can be identified or inferred.

While Khan alleged in Paragraph 32 that he belongs to a protected class, his other allegations say absolutely nothing about the motivation behind the Defendants' conduct. For instance, Paragraph 33 alleges that Khan made a FOIA request for the Officers' names and the police report of the alleged incident, but was advised by the City that it did "not possess any such record." Nothing in that allegation suggests or even implies any connection between the City's conduct and Khan's ethnicity. Similarly, Paragraph 34 merely alleges that the Defendants conspired to destroy records that "could identify the [Officers]." Again, this allegation neither suggests nor implies conduct motivated by Khan's ethnicity. In short, Khan failed to allege any "factual content that allows the court to draw the reasonable inference" that Defendants' alleged conduct was motivated by Khan's ethnicity. *Iqbal*, 556 U.S. at 678.

Khan's reliance on *Caswell v. Morning Call*, No. 95-7081, 1996 WL 560355 (E.D. Pa. Sep. 30, 1996), does not alter the above analysis. In fact, *Caswell* is distinguishable in a way that further supports the conclusion that Khan's Conspiracy Claim should be dismissed. In *Caswell*, the plaintiffs were four women who owned and/or operated a business which sold lingerie and provided exotic massages. The defendants were the plaintiffs' landlord, local newspapers, and a local television service, who allegedly conspired together in an attempt to shut down plaintiffs' business. The plaintiffs filed a federal court complaint, alleging, among other claims, that the defendants had engaged in a conspiracy in violation of 42 U.S.C. § 1985. The defendants moved to dismiss that claim, arguing that the plaintiffs failed to allege that the defendants had "engaged in class-based, invidious discrimination," which, as discussed above, is an element of such a claim. *Caswell*, 1996 WL 560355, at *1.

6

In denying the defendants' motion, the district court found that the plaintiffs alleged that the defendants' conduct was motivated by the fact that the plaintiffs *were women*. *Id.* at *2. The court based this finding on the plaintiffs' allegations that defendants "conspired against plaintiffs because they are women engaged in operating a massage parlor and lingerie business" and that the newspaper defendants "announced [] that plaintiffs' ads would be refused, but continued to accept sensually or sexually suggestive advertisements from male advertisers." *Id.* The court went on to explain:

> plaintiffs are alleging commercial animus against them motivated by their gender. Plaintiffs do not allege that defendants conspired to drive them out of business because of the nature of the business but because defendants do not believe that it is desirable or appropriate for a woman to own and operate a massage parlor. Indeed, plaintiffs specifically allege that the conspiracy among defendants was motivated, at least in part, by the desire to favor males engaged in the same business. Thus, plaintiffs do not appear to assert that the discriminatory animus is directed against the owner of a massage parlor who happens to be a woman. Rather, as noted, plaintiffs allege that defendants discriminated against them because a woman owns the massage parlor.

*Id.* at *5.

The allegations in Khan's amended complaint are distinguishable from the ones made by the plaintiffs in *Caswell*. Here, not only does Khan's amended complaint contain no factual allegation that Defendants' conduct was motivated by Khan's ethnicity, but, as explained above, he does not even allege any facts from which such a motivation could reasonably be inferred. At most, he has alleged exactly what *Caswell* said was insufficient to state a claim for conspiracy under 42 U.S.C. § 1985 – that Defendants engaged in wrongful conduct and that he happens to be of Middle Eastern descent. *Id.* Accordingly, Khan's Conspiracy Claim is subject to dismissal.

7

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' **Motion to Dismiss (Doc. #5)** be **GRANTED**, and that **Count IV of Khan's Amended Complaint** be **DISMISSED**.

Dated: October 31, 2016  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                             s/Eddrey O. Butts
                                             EDDREY O. BUTTS
                                             Case Manager

Dated: October 31, 2016